UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Jack Kechichian

Attorneys Present for Defendants:

Jason Chodos

**Proceedings:** ZOOM HEARING RE: MOTION TO DISMISS (Dkt. 13, filed on December 23, 2024)

## I. INTRODUCTION

On October 25, 2024, plaintiffs Lily 1993, Inc. ("Lily") and Mariana's Zillia Chocolatte Mariana's Furniture ("Mariana's") (collectively "plaintiffs") filed this action against defendants Spinnaker Insurance Company ("Spinnaker") and Does 1 through 50 (collectively "defendants") in the Los Angeles Superior Court, alleging two claims for relief: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Dkt. 1-1 ("Compl."). On November 29, 2024, defendants removed the action to this Court on the basis of diversity jurisdiction. Dkt. 1.

On December 23, 2024, Spinnaker filed the instant motion to dismiss. Dkt. 13 ("Mot."). On January 6, 2025, plaintiffs filed their opposition. Dkt. 15 ("Opp."). On January 20, 2025, Spinnaker filed its reply. Dkt. 16 ("Reply").

On February 3, 2025, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts:

In around 2012, Lily purchased a hair salon and began operating the business. Compl. ¶ 1. Pursuant to the terms of the lease agreement with the owner of the building, Lily purchased an insurance policy with Spinnaker. Id. In about 2022, Lily remodeled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

the space and converted it to a chocolate and gift shop, signing a new lease agreement with the owner of the building. Id. ¶ 2. About one year after remodeling the space, Lily subleased it to Mariana, which began operating as a chocolate and furniture store. Id. Pursuant to the lease agreement, Mariana's also purchased an insurance policy with Spinnaker. Id.

On or about January 13, 2024, a toilet supply line broke in Mariana's business, and caused significant water damage to the property and contents therein. Compl. ¶ 12. Plaintiffs timely reported the damage to Spinnaker, "submitting a claim and overwhelming evidence of policy benefits due and owing," but Spinnaker "refused to pay any of the policy benefits owed." Id.

The incident was documented by Spinnaker and assigned claim numbers BOP240113-175 and BOP240113-120 (the "Claim"). Id. ¶ 14. The policy purchased by Lily and the policy purchased by Mariana's (collectively "the Policies") require mitigation of damages, which plaintiff satisfied by hiring a professional water mitigation company. Id. ¶ 16.

Spinnaker refused to pay any of the benefits owed under the Policies, and instead "unreasonably delayed the claim by repeatedly demanding documents and information from [plaintiffs] that it knew had no relevance or relation to making a coverage determination, a duty enumerated in the P[olicies]." Id. ¶ 17. Plaintiffs cooperated and "submitted all relevant documents and information necessary for [Spinnaker] to investigate whether the loss was a 'covered peril'" pursuant to the terms of the policies. Id. Spinnaker continued to demand information that would "only be helpful in adjusting the claim after coverage was ultimately determined." Id. This included information about the extent of the damage to personal property on the premises and the identity of the owners of the relevant personal property. Id. This information may have been relevant to the claims adjusting process but was not relevant to a determination of coverage. Id. Spinnaker's demands for additional information were made intentionally to unreasonably delay the claim. Id.

Plaintiffs have been evicted from the premises and had to shut down their businesses because they lacked sufficient funds to pay for rent and repairs. Id. Spinnaker has yet to make a coverage determination ten months after the loss. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

Spinnaker abandoned plaintiffs by failing to conduct a timely investigation of the claim and unreasonably delaying by not providing a coverage determination ten months after the loss. Id. ¶ 18. As a result of Spinnaker's actions, plaintiffs had to use their own funds for repairs and were ultimately evicted from the premises. Id.

Spinnaker received evidence of the extent of the damage but "intentionally chose not to adequately consider such information and evidence, and did not reasonably adjust the claim." Id. at ¶ 19.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Defendant argues that "[t]he entire crux of the Complaint hinges on a false argument that Spinnaker has not rendered a coverage determination." Mot. at 9. Defendant contends that a coverage determination was rendered on October 18, 2024, a week before this action was commenced. Id. Accordingly, Spinnaker argues that the Complaint must be dismissed. Id. at 10.

Spinnaker argues that plaintiffs have failed to allege breach of contract because they have not demonstrated their compliance with the Policies, nor a breach of the Policies by Spinnaker. Id. It argues that the basis of the Complaint is that Spinnaker did not accept coverage for the water loss at issue, but "these allegations are unequivocally refuted by the October 18, 2024, e-mail sent by Spinnaker's undersigned counsel to [p]laintiffs' counsel in this action and his senior paralegal." Id. Spinnaker argues that the email is clear that Spinnaker has agreed to accept coverage for both claims under the policies, a fact that "alone is fatal to [p]laintiff's Complaint." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

Spinnaker argues that the Complaint is also "untenable on the basis of their own concession that they have not fully performed under the Policies." Id. The Policies, Spinnaker argues, have a "'Legal Action Against Us'" condition that bars suit if a plaintiff has not complied with all terms of the Policy. Id. at 11. Spinnaker contends that the Policies at issue here have provisions that "require compliance with post-loss duties, including the duty to produce books and records and the duty to cooperate with Spinnaker's investigation of the claim." Id. Plaintiffs have not complied with these duties, Spinnaker argues. Id. According to Spinnaker, plaintiffs acknowledge that they have not complied with the requests and that they have not provided all relevant information. Id. For the above two reasons, Spinnaker argues, the Complaint fails to plead a viable breach of contract claim. Id.

Next, Spinnaker argues that the Complaint fails to state a claim for breach of the implied covenant of good faith and fair dealing. Id. at 12. Spinnaker contends that because the Complaint does not state a viable claim for breach of contract, the claim for breach of the implied covenant of good faith and fair dealing must also be dismissed, along with the claim for punitive damages. Id.

If the claim for breach of the implied covenant survives this argument, Spinnaker argues that it must still be dismissed because it is superfluous, as it fails to allege conduct beyond mere breach of contract, as required for a claim under California law. Id. at 13. Spinnaker argues that the allegations for breach of the implied covenant "reiterate the same, exact allegations from the breach of contract count." Id. Spinnaker contends that the Complaint is properly considered "a shotgun pleading, which wholly adopts, re-alleges and incorporates all of the prior allegations contained in the Complaint," and this alone is a basis for dismissal of the Complaint. Id. Additionally, Spinnaker contends, this drafting approach demonstrates that the breach of implied covenant claim is "wholly superfluous of their breach of contract claim." Id.

In opposition, plaintiffs allege that they adequately fulfilled their duties under the Policies by mitigating the loss with the assistance of a professional water mitigation company and "fully cooperated with [Spinnaker's] requests to investigate whether the loss was covered under the policy." Opp. at 5. Plaintiffs argue that their Complaint alleged that Spinnaker breached the Policies by "failing to make timely and complete coverage determination or pay benefits after a water loss incident on January 13, 2024." Id. Plaintiffs argue that the California Insurance Code requires insurers to act "'promptly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

and equitably'" to resolve claims and that Spinnaker failed to do this because it delayed its investigation, requested irrelevant documents, and refused to issue payments. Id.

Plaintiffs contend that requested documents were irrelevant because they "related to the extent of damages to the personal property in the premises and to identify who owned said property which is not required to determine whether the loss is a covered peril under the insurance policy." Id. at 6. They argue that Spinnaker had all relevant documentation to determine coverage, but requested additional documentation in order to delay the investigation, forcing plaintiffs to close their business and get evicted. Id. Plaintiffs argue they "were left no option but to bring this action to which [Spinnaker] responded by providing 'Conditional coverage' for the loss which does not satisfy an insurer's obligation to pay benefits for covered losses." Id. Plaintiffs contend that federal courts recognize that unreasonable delay in the handling of claims may constitute breach of contract. Id. Plaintiffs argue they suffered damages from breach which are recoverable under California law, including consequential damages. Id. at 6-7.

Plaintiffs argue that Spinnaker breached the implied covenant by failing to promptly process the Claims, specifically through its requests for production of irrelevant documents and resultant delay of the investigation. Id. at 7. Plaintiffs argue that this conduct was a violation of California Insurance Code § 790.03(h)(3), "which prohibits insurers from 'failing to adopt and implement reasonable standards for the prompt investigation and processing of claims.'" Id. Plaintiffs contend that Spinnaker was required to provide a coverage determination within a reasonable timeframe and that the issuance of a conditional acceptance does not excuse the prior delay. Id. According to plaintiffs, the California Code of Regulations, Article 1, Section 2695.7(b) requires an insurer to accept or deny a claim in whole or in part within forty days. Id. at 7-8. Here, plaintiffs argue, Spinnaker delayed for ten months, requesting irrelevant documentation, and only extended "'Conditional Coverage'" after being served with this suit, "which does not satisfy [Spinnaker]'s duties under the policy." Id. at 8.

Plaintiffs argue that the bad faith alleged includes conduct beyond that which constitutes breach. Id. They contend that they allege that Spinnaker's "delays and evasive practices were intentional and designed to avoid paying legitimate claims, warranting punitive damages." Spinnaker, plaintiffs argue, failed to consider evidence that the Policies covered their Claims. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

Finally, plaintiffs argue that Spinnaker mischaracterizes its arguments and ignores the presence of factual disputes in the case. Id. Plaintiffs contend that the coverage determination remains in dispute and that Spinnaker's "claim that it issued a coverage determination is contradicted by [p]laintiffs' allegations." Id. They argue that factual disputes remain as to whether Spinnaker delayed determination of coverage for ten months and requested irrelevant information, refusing to fulfill its obligations and resulting in plaintiffs' losses. Id. at 8-9. Plaintiffs argue that Spinnaker is wrong to contend that they did not comply with their post-loss duties because they hired a water mitigation company and "provid[ed] all relevant information requested," even though some of the information was irrelevant to determine whether the loss was covered under the policy. Id. at 9. Plaintiffs argue that "[a]ny additional requests by [d]efendant were irrelevant or designed to delay the claim, as alleged in the [C]omplaint." Id.

In reply, Spinnaker argues that plaintiffs "continue to misrepresent the facts of this claim, incorrectly arguing that a coverage determination was not made prior to the commencement of suit." Reply at 2. Spinnaker argues that this is false, as the coverage determination was sent one week before the suit was filed. Id. Spinnaker argues that plaintiffs "continue to concede that they have failed and refused to provide Spinnaker's representatives [with] all necessary information to bring the claim investigation to a conclusion, i.e., information that [p]laintiffs acknowledge is relevant." Id.

Spinnaker reiterates its argument that there is no valid breach of contract claim because the basis for the claim is that Spinnaker has not made a coverage determination, but this is mistaken. Id. Spinnaker contends that [i]t is incomprehensible how [p]laintiffs could argue, in good faith, that a coverage determination was not reached." Id. at 3. It argues that plaintiffs continue to concede that they have not provided Spinnaker with all requested and relevant information needed to conclude its investigation. Id. These concessions, Spinnaker argues, confirm both that it could not have possibly breached the Policies and that the Policies' "'Legal Action Against Us'" condition bars this action from proceeding. Id.

Spinnaker argues that if plaintiffs had "timely produced the requested information when requested, which they admit is relevant, then Spinnaker would not have needed to keep asking for it and the claims investigation could have been further along." Id. Plaintiffs cannot, Spinnaker contends, refuse to produce the documents and then claim a breach by Spinnaker. Id. Additionally, plaintiffs cannot dispute that Spinnaker's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

investigation remains open and that they "owe relevant, responsive information and documentation to Spinnaker to allow for the investigation to conclude," making this action premature. Id. at 4. Spinnaker contends it cannot have breached when it is unable to complete its investigation as a result of plaintiffs' refusal to turn over relevant information. Id.

Spinnaker next argues that the declarations plaintiffs attach to their opposition, of Armine Nazaryan and Mariana Pertrosiants cannot be considered by the Court and "are inconsequential, as neither acknowledges [p]laintiffs' voluntarily withholding of relevant information and documentation from Spinnaker, or otherwise acknowledges the October 14, 2024 coverage position." Id. The Court should decline to consider these declarations, Spinnaker argues, because they constitute evidence not in the Complaint and are not the proper subjects of judicial notice.[1] Id. Spinnaker contends that the declarations are extrinsic evidence and were created after the filing of the Complaint, which therefore could not have relied on them. Id. at 5.

Finally, Spinnaker argues that plaintiffs "cite to case law that either does not exist or is grossly mischaracterized." Id. For example, Spinnaker contends, the case plaintiffs cite as Berges v. Infinity Ins. Co., 896 F.3d 1004, 1013 (9th Cir. 2018) for the proposition that "'[f]ederal courts recognize that unreasonable delays in handling claims may constitute a breach of contract'" could not be found by Spinnaker. Id. Spinnaker argues that Jordan v. Allstate Ins. Co., 148 Cal. App. 4th 1062, 1073 (2007) and Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 723 (2007), on which plaintiffs rely for the proposition that delayed coverage determinations amount to breach do not actually support that. Id. In Jordan, Spinnaker argues, the court was dealing with whether the delay amounts to bad faith, not whether there was a breach and concluded "'that an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith.'" Id. at 5-6 (quoting Jordan, 148 Cal. App. 4th at 1073). Wilson, Spinnaker argues, concluded that denial or delay only gives rise to tort damages if the insured shows it was unreasonable. Id. at 6 (citing Wilson, 42 Cal. 4th at 723). Spinnaker argues that plaintiffs are also wrong to rely on Cal. Code Regs., § 2695.7, which "makes clear that the 40-day period of time to investigate may be extended if more

---

[1] The Court notes that it did not rely on these declarations, and accordingly does not rule on Spinnaker's contentions related thereto.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

time is required to determine whether a claim should be accepted and/or denied, in whole or in part." Id.

The Court finds that dismissal of plaintiffs' breach of contract claim is not warranted. In order to state a breach of contract claim in an insurance action, a plaintiff is required to plead: (1) an insurance contract; (2) the insured's performance or excuse for nonperformance; (3) insurer's breach; and (4) resulting damages." Citizens Ins. Co. of Am. v. Chief Digital Advisors, 578 F. Supp. 3d 1113, 1119 (S.D. Cal. 2020) (citing San Diego Hous. Com v. Indus. Indem. Co., 68 Cal. App. 4th 526, 536 (1998)). The insurer's breach can be stated by showing the insurer denied the claim or failed to pay it within a reasonable time. Croskey et al., Cal. Practice Guide: Insurance Litigation ¶ 15:56 (2024). In Spinnaker's motion to dismiss, it disputes that plaintiffs have alleged the second and third elements of a breach of contract claim. Mot. at 10. As to the second element, plaintiffs allege that they have complied with their obligations pursuant to the policy because they undertook the required mitigation and they "submitted all relevant documents and information necessary for [Spinnaker] to investigate whether the loss was 'covered peril' under the P[olicies]." Compl. ¶¶ 16-17. Spinnaker argues that plaintiffs have failed to fully comply with their post-loss duties. Mot. at 11. On the third element, plaintiffs allege that Spinnaker has breached the contract by delaying its coverage determination and requesting irrelevant documentation in order to "intentionally … delay the claim unreasonably." Compl. ¶ 17. Spinnaker contends that plaintiff cannot state a claim because a claim of breach is premature when Spinnaker agreed in an email sent to plaintiffs' counsel a week prior to the filing of this action to accept coverage for both claims under the policies.[2] Mot. at 10.

---

[2] A court may consider documents not attached to a complaint "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." United States v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011) (citing Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.2006); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002)). The email chain submitted by Spinnaker is referred to in the Complaint, though not explicitly, through references to requests for information from Spinnaker. Compl. ¶ 17. The issue of coverage, and whether the conditional coverage promised in the email chain precludes this action is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

    The Court notes that the email sent to plaintiffs' counsel said that "Spinnaker Insurance Company has agreed to accept coverage for both claims under the policies on a conditional basis subject to its ongoing investigation" and that "although it presently appears both claims are covered, at least in part, under the policies, Spinnaker's investigation of both claims remains ongoing, subject to a full reservation of rights." Dkt. 13-5. Therein, Spinnaker also states that it "still requires various documents and information in order to complete its adjustment of the scope, measure, and amount of covered loss or damage under each policy with respect to each insured's claim" and requests that plaintiffs' counsel remind plaintiffs of their obligation to comply with the post-loss duties contained in the Policies. Id.

    Taking all of plaintiffs' allegations as true, the conditional acceptance requiring the same contested documentation already alleged to be delaying the claim, could be interpreted as a further delay tactic rather than a true acceptance of coverage. Though as Spinnaker contends, it sent the email containing the conditional acceptance a week before plaintiffs filed this action, the prior email correspondence reveals what Spinnaker does not in its argument: Spinnaker made its assurance in response to plaintiffs' notification that they were preparing to file suit, to which Spinnaker replied that the investigation remained ongoing because of certain unfulfilled requests for documentation. Id. In the next correspondence, plaintiffs' counsel indicated that counsel for both parties spoke on the phone, and that plaintiffs would "hold off on filing [the] Complaint until next Friday based on your promise to contact us with a response by then." Id. The "determination" made by Spinnaker was an acceptance conditional on receipt of the same documents plaintiffs allege were irrelevant and requested only to cause delay in deciding the claim. Id. Accordingly, the Court concludes that the conditional determination did not resolve the dispute or the alleged intentional delay.

    The Court notes that even when an insurance company has paid an insurance claim in full, payment does not necessarily bar a plaintiff from continuing to pursue a breach of contract claim. Omni King, Inc. v. Accelerant Speciality Ins. Co., No. 23-cv-00048-SSS-KKx, 2023 WL 6881824, at *4 (C.D. Cal. Apr. 19, 2023). The payment of a plaintiff's claim "does not allow [the insurance company] to avoid liability for breach of contract if it unreasonably delayed that payment." Big Bear Trucking Corp. v. Travelers Property

---

central to the claim. In opposition, plaintiffs do not object to the Court's consideration of the email chain, nor do they contest its authenticity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

Casualty Co. of America, No. 19-cv-09745-RGK-GJS, at *7 (C.D. Cal. Nov. 4, 2020). Though these cases speak to payment of the claim after a suit is instituted, such payment has been found not to moot a breach of contract claim in those circumstances. The Court concludes that if paying a claim in full does not moot an on-going breach of contract action, accepting coverage on a conditional basis, but requiring disputed documentation before a final determination is made, does not bar plaintiffs from this filing suit.

Spinnaker also argues that plaintiffs' claim is precluded at this stage in its claims process by the "Legal Action Against Us" provision of the Policies. Mot. at 10-11. Though Spinnaker contends that [t]his condition is frequently upheld as enforceable across the country, including [in] actions in California," the Court notes that in all of its cited authority these provisions were enforced based on plaintiffs' failure to comply with time limitations included in the provisions. Mot. at 10. Here, the relevant part of the provision is the section requiring "full compliance with all of the terms of this insurance" before suit can be brought. Mot. at 10; dkt. 13-1 at 25. Under California law, "[n]otice and cooperation provisions may be satisfied by less than exact, literal compliance by the insured," and substantial performance may suffice. Croskey et al., Cal. Practice Guide: Insurance Litigation ¶ 3:166 (2024). The Court finds that at this stage, it has insufficient information to conclude whether the documents provided by plaintiffs served to substantially perform pursuant to the cooperation provisions of the Policies, such that their suit is not barred by this provision.

The Court therefore concludes that dismissal of the breach of contract claim is inappropriate and that the matter is better decided on a more robust evidentiary record.

Turning to plaintiffs' claim for a breach of the implied covenant of good faith and fair dealing, the Court concludes that plaintiffs have stated a claim. A breach of contract claim must underlie a claim for breach of the implied covenant, but breach of an express policy provision is not required for a claim of bad faith. Croskey et al., Cal. Practice Guide: Insurance Litigation ¶¶ 12:45, 12:47.1 (2024). "[T]he essence of the implied covenant of good faith and fair dealing is that [t]he insurer must refrain from doing anything that will injure the right of the insured to receive the benefits of the [insurance] agreement, the terms and conditions of which define the duties and performance to which the insured is entitled." Brandwein v. Butler, 218 Cal. App. 4th 1485, 1514-15 (2013). In first party cases, the purpose of an insurance policy is to indemnify the insured for covered losses, thus the implied covenant obliges the insurer "to make a thorough and

Case 2:24-cv-10322-CAS-PD   Document 19   Filed 02/03/25   Page 12 of 13   Page ID #:544

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

prompt investigation of the insured's claim for benefits" and "not to unreasonably delay or withhold the payment of benefits." Croskey et al., Cal. Practice Guide: Insurance Litigation ¶ 12:28.1 (2024) (citing Silberg v. California Life Ins. Co., 11 Cal. 3d 452, 461-62 (1974); California Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal. App. 3d 1, 54-55 (1985)).  To state a claim for bad faith based on unreasonableness, a plaintiff must show that defendant's conduct "demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 346 (2001), as modified on denial of reh'g (July 30, 2001) (quoting Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990)).

Though "[i]t is well established that '[t]here can be no "unreasonable delay" until the insurer receives adequate information to process the claim and reach an agreement with the insured,'" the dispute here centers around whether Spinnaker has received sufficient information to make such a determination. Kerrigan v. Allstate Ins. Co., 543 F. Supp. 3d 843, 855 (C.D. Cal. 2021), aff'd, No. 21-55730, 2022 WL 14476372 (9th Cir. Oct. 25, 2022) (quoting Globe Indemnity Co. v. Superior Court, 6 Cal. App. 4th 725, 731 (1992)).  Taking plaintiffs' allegations as true, Spinnaker has received sufficient information to render a coverage determination, and thus plaintiffs sufficiently allege that Spinnaker is unreasonably delaying by requiring submission of irrelevant additional documentation.  Compl. ¶ 17.

The Court also finds that the claim for breach of the implied warranty goes beyond the claim for breach of contract, as required by California law, because plaintiffs allege that Spinnaker "[d]eliberately, unreasonably and unjustifiably fail[ed] to  timely and fully pay" their claim, that it "[u]nreasonably refus[ed] payments to [plaintiffs] in bad faith" knowing their claims were valid, and that it did not attempt in good faith to promptly settle the claims when the payment obligations had become clear.  Id. ¶ 32; G.P.P., Inc. v. Guardian Prot. Prods., Inc., No. 15-cv-00321-SKO, 2015 WL 3992878, at *9 (E.D. Cal. June 30, 2015) (quoting Careau, 222 Cal. App. 3d at 1395) (explaining that "in a claim for breach of the implied covenant, '[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-10322-CAS(PDx) | Date | February 3, 2025 |
|---|---|---|---|
| Title | Lily 1993, Inc. et al v. Spinnaker Insurance Company et al | | |

may be disregarded as superfluous.'"). These allegations are distinct from those set forth in the breach of contract claim. Id. ¶¶ 21-27. Plaintiffs also request punitive damages, as well as alleging that they had to pay the costs of repair out of pocket, resulting in an inability to cover their rent, their subsequent eviction, and loss of their business, for which Spinnaker's delay is responsible. Id. ¶¶ 17, 39. These punitive and consequential damages would not be available in their breach of contract action, and are distinctly available pursuant to their bad faith claim. The Court finds that accordingly, the claim is not superfluous.

The Court concludes that plaintiffs have plausibly alleged a claim for breach of the implied covenant of good faith and fair dealing.

### V.     CONCLUSION

In accordance with the foregoing, the Court **DENIES** Spinnaker's motion to dismiss.

IT IS SO ORDERED.

|  |  | 00 | : | 07 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |